## TAPPAN *vs.* SARGENT & a.

The defendant filed a plea of usury, signed by attorney, setting forth the payment of interest at the rate of seven and a half per cent., offering to verify it by his own oath. The plaintiff replied that the defendant employed him to procure the money, and as a compensation for his trouble promised to allow him one and a half per cent. annually, and in pursuance of that contract paid him the money alleged to have been taken as usury; and then averred that there was not, directly or indirectly, or unlawfully, any thing reserved, secured, or taken, in and by the note, more than after the rate of six per cent., for the forbearance and giving day of payment of the money lent, other than as was set forth in the replication. And he offered to verify the replication by his oath. The defendant rejoined that he never promised, in manner and form, and concluded to the country. Upon a motion to reject the rejoinder, *Held*, that all the pleadings were irregular.

Where the defendant pleads usury, under the statute, with a verification by his oath, neither party can, in a subsequent pleading, change the course of the trial by tendering an issue to the jury.

Tappan *v.* Sargent.

Ordinarily a plea of usury, tendering the oath of the defendant, should be signed by him who is to verify it. But if it tender the oath of one who is a party to the instrument, but not a party to the record, it may be signed by attorney.

If the creditor have taken a less amount of usury than that alleged in the plea, he may state the amount actually received, and aver that he has not taken or secured more than the sum so admitted. If he would avoid the plea entirely, he must do so directly, and in the broad language of the statute.

ASSUMPSIT, upon a promissory note for the sum of $200.

The defendants filed a plea of usury, setting forth that on the day of the making of the note it was corruptly agreed by and between the plaintiff, and the said Nicholas E. Sargent, that said Sargent should pay to the plaintiff, and the plaintiff should receive of him, for the loan and forbearance, and giving day of payment of the said sum of two hundred dollars, more than after the rate of six pounds in the hundred, per annum, to wit., after the rate of seven and a half pounds in the hundred, per annum, so long as the said note should remain unpaid. And that afterwards, to wit., on the eighteenth day of July, 1840, said Sargent, in pursuance of the said corrupt agreement, did pay to the plaintiff, and the plaintiff did receive of him, for the loan, and forbearance, and giving day of payment, of the said sum of two hundred dollars for one year, after the rate of seven and a half pounds in the hundred, per annum, which is the sum of three dollars more than after the rate of six pounds in the hundred per annum. And that afterwards, to wit., on the seventeenth day of July, 1841, said Sargent, in pursuance of the said corrupt agreement, did pay to the plaintiff, and the plaintiff did receive of him, for the loan, and forbearance, and giving day of payment, of the said sum of two hundred dollars, for one year, the sum of three dollars more than after the rate of six pounds in the hundred per annum. And that afterwards, to wit., on the sixteenth day of July, 1842, in pursuance of the corrupt agreement, said Sargent paid to the plaintiff, and the plaintiff received of him, for the loan, and forbearance, and giving day of payment, of the said sum of two hundred dollars, for one year, after the rate of seven

Tappan v. Sargent.

and a half pounds in the hundred, per annum, which is a further sum of three dollars more than after the rate of six pounds in the hundred per annum.

Wherefore they prayed that, in rendering judgment, the sum of twenty-seven dollars might be deducted from the sum lawfully due on said note.

The defendants offered to verify their plea by the oath of Sargent, but the plea was signed by the attorney.

The plaintiff replied that at the time of the loan of the two hundred dollars, mentioned in the note set forth in the declaration, he, not having the money on hand, was induced by Sargent to procure the same at the Claremont bank; and, as a compensation for his trouble, Sargent promised to allow him one and a half per cent. annually, till the sum of two hundred dollars was paid; and in pursuance of this promise the plaintiff did procure a loan at the bank, and loaned it to Sargent, for which the defendants gave the note set forth in the declaration. And he further said, that when the lawful interest was paid on the note, as it became annually due, he received the sum of three dollars at one time, and three dollars at another, and no more, amounting to the sum of six dollars, being the one and a half per cent. per annum, and being the sum paid in pursuance of said promise, and for no other purpose; "and that there is not, directly or indirectly, or unlawfully, anything reserved, secured, or taken, in and by said note, more than after the rate of six per cent. per annum, for the forbearance or giving day of payment for said sum of two hundred dollars, other than as the above set forth;" which he offered to verify by his oath.

The defendants rejoined, that notwithstanding anything by the plaintiff alleged in his replication, the sum of twenty-seven dollars ought to be deducted, because they said that Sargent never promised, in manner and form as the plaintiff had in his replication alleged; neither were the sums in the defendant's plea alleged to have been paid, over and above the lawful interest on the note, paid in pursuance of any such

promise as was in the plaintiff's replication set forth. And of this they put themselves on the country for trial.

The plaintiff moved that the rejoinder be rejected—

1. Because it tenders an issue to the country, when by the statute the plaintiff is entitled to his oath in support of his replication, and this issue is to deprive him of that right.

2. Because the plaintiff's replication states the true sum received, which by the construction of the statute is conclusive; and the circumstances under which it was received, to be supported by his oath, are questions of law, arising thereon, for the court, and not for the jury.

The questions arising upon these pleadings were transferred for the decision of this court.

*Leland*, for the plaintiff. This rejoinder ought not to be received. The statute under which this suit accrued, p. 134, § 2, points out the mode of proof, altering the common law in this respect, and giving both plaintiff and defendant the right of testifying in their own cause, adopting the equity practice, to enforce a penalty.

In answer to the defendant's plea the plaintiff may come into court and swear that he has not, directly or indirectly, willingly taken and received more than after the rate of six pounds per annum, &c.

If the plaintiff has received of the defendants any sum over and above six per cent., as a compensation for his trouble, &c., but not, directly or indirectly, as interest for the forbearing and giving day of payment, he has a right so to state it, and it is not usury.

The statute must have a reasonable construction; and if it gives the plaintiff a right to make oath to his replication, it should and ought to be construed to enable the plaintiff to state under what circumstances he took the money. If the defendants are permitted to swear that the plaintiff took a certain sum as usury, it would be a strange perversion of

Tappan *v.* Sargent.

the statute to say that the plaintiff is not at liberty to state that he did not take it as usury, but on some other account.

No one will pretend to deny the right of the defendant, under the statute, to put in his plea of usury, verified by his oath, and that the plaintiff has no right to make an issue to the country on such a plea. If so, how then can the plaintiff be denied his right under the statute, and compelled to accept such a rejoinder. The statute puts both plaintiff and defendant on equal grounds; but if the plaintiff is compelled to join issue to the country on his own replication, he is deprived of his right under the statute.

The statement of the circumstances under which the plaintiff took the money, is not a departure from the statute. He negatives the defendants' plea, positively and directly, saying that there was not any thing taken except the sum of six dollars, for his trouble, &c.

He is bound to state what sum he did receive; he has stated it, and it is less than what the defendant alleged, and the question is whether it is usury; and this the court must settle. *Copeland* vs. *Jones,* 3 *N. H. Rep.* 116.

If the plaintiff states a less sum than is set forth in the defendant's plea, the defendant is bound by it, and he cannot make an issue to the country, but the court pronounce the law arising upon the plaintiff's replication. If, then, the replication admits half of the sum set forth in the defendant's plea, and denies the other half, it is within the statute. If so, there is no difference in principle in the two cases.

*Cushing,* for the defendants.

PARKER, C. J. These pleadings are quite irregular. The attempt, by the rejoinder, to frame an issue to the country, upon the matter of the replication, is without principle or precedent to support it, and the motion for its rejection must therefore prevail. Where the defendant pleads usury, under the statute, with a verification by his oath, neither party

can, in a subsequent pleading, change the course of the trial by tendering an issue to the jury.

But this is not the only exceptionable matter in the pleadings.

The statute provides that the defendant may set forth the usury taken, and verify the plea by his oath. In ordinary cases, therefore, the plea should be signed by the defendant, who is to verify its contents, and not by attorney. There are cases in which such a plea may be verified by the oath of one who is not a party to the record. As, for instance, where, upon a joint and several note, usury has been paid by one of the makers, after which the other is sued alone. The party sued may plead the usury, and tender the oath of the one not sued, and who alone may have knowledge of the fact, in support of the plea. So where a note has been negotiated, and, upon suit by the indorsee, the defendant pleads usury taken by the indorser, the plaintiff may deny the usury, and tender the oath of the indorser in verification. These cases are not within the precise words of the statute, but have been considered within its spirit and meaning; for otherwise the defendant, in one class of cases, might be deprived of the advantage of the plea, there being no witness who could show the matter to the jury, upon an issue to the country; and the plaintiff, upon a plea being filed, in the other class, must submit to the deduction prayed for, because he had no knowledge upon the subject which would enable him to avail himself of the ordinary replication, and he could not, upon a plea to be verified by the oath of the defendant, make up an issue to the jury.

When the pleading of either party is thus to be verified by a third person, and the matter of verification must therefore come in by way of affidavit, additional to the pleading of the party, there is perhaps no very substantial objection to a signature of the plea by the attorney, instead of the party. But in this case the defendant, whose oath is offered in verification of the plea, is a party to the record, and

there is no reason therefore for a departure from the ordinary course.

The matter of the replication is objectionable. When the defendant has filed a plea of usury in due form, and will verify the plea by his own oath, (or that of the party to the instrument who made the usurious contract) the statute requires the court, in rendering judgment, to deduct from the sum found lawfully due, three times the amount of the usury taken or secured, unless the plaintiff (or the party to the contract who is alleged to have taken the usury) will swear that he has not, directly or indirectly, willingly taken or received more than after the rate of six per cent. for forbearance, and that there is not secured by the instrument or contract more than that rate.

But it has been held that if usury has been taken, but to a less amount than that stated in the plea, the creditor may set forth the amount actually received, and swear that he has not taken or secured any more than the sum so admitted. The plaintiff does not bring his case within the rule. He alleges that at the time of the loan, not having the money, he was induced by the defendant Sargent to procure it, and, as a compensation for his trouble, Sargent promised to allow him one and a half per cent. annually, till the amount should be repaid; and that at two different times, when the interest was paid, he received the sum of three dollars each time, "being the one and a half per cent. per annum, and being the sum paid in pursuance of said promise, and for no other purpose." Notwithstanding all that is thus stated, the contract may have been made in this form merely to cover the taking of usury. The facts set forth are certainly not inconsistent with such a supposition. The mere trouble of procuring the money, for the benefit of the defendant, would seem to be much the same whether the payment was delayed one or three years. But the compensation, according to the replication, was to be made by the payment of an annual sum, during the time the loan was forborne, over and above the annual interest. The court, upon this replication, can-

not say, however, that this money was actually taken for forbearance; and the plaintiff does not in the language of the statute say that he has not directly or indirectly, willingly taken and received more than at the rate of six per cent. for the forbearance of the loan. If it could be considered a denial of the matter of the plea, it would be only by way of argument, or inference, which is not sufficient.

After the statements already adverted to, the plaintiff says that there is not, directly or indirectly, or unlawfully, anything reserved, secured or taken, in and by the note, more than after the rate of six per cent. per annum, for forbearance, other than he had above set forth. But it is not alleged in the plea that any unlawful interest had been reserved or secured in the note. This averment, therefore, does not meet the matter of the plea.

*Rejoinder rejected.*